UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PINES CHURCH, et al | ) |
| | ) |
| v. | ) CIVIL NO. 1:23-cv-00214-LEW |
| | ) |
| HERMON SCHOOL DEPARTMENT | ) |

PROCEDURAL ORDER

The Notice of Intent to File Summary Judgment Motion and Request for Pre-Filing Conference having been filed in accordance with Local Rule 56(h), it is hereby ordered that all pending deadlines set forth in the Scheduling Order are hereby STAYED until further order of this Court.

In order for the Court to determine the appropriate scheduling for any conference and the most efficient process for briefing the contemplated motion for summary judgment, the following process shall be followed in this case:

The parties shall confer in good faith and determine whether any agreements can be reached that would narrow the legal issues or limit any factual disputes for purposes of summary judgment. The parties shall specifically discuss whether it is possible to present a joint record and/or any stipulations in accordance with Local Rule 56(g) and additionally discuss whether or not either party intends to file any *Daubert* and/or *Kumho* motions as well as the issues, timeliness and length of such *Daubert* and/or *Kumho* motions.

After conferring, each party intending to file a motion for summary judgment ("movant") shall file a short memorandum, not to exceed seven double-spaced pages, that includes the following:

(1) **BASIS:** What counts, counterclaims or affirmative defenses the movant intends to move for summary judgment.

(2) **ISSUES:** A brief list of the legal issues that will require summary judgment, including any particularly relevant case or statutory citations, and how the facts are undisputed on the issue in question.

(3) ***DAUBERT/KUMHO* MOTIONS:** If any *Daubert/Kumho* motions are anticipated, a brief explanantion of the issues to be addressed by such motions.

(4) **ESTIMATED MEMORANDUM LENGTH:** An estimated page length for any to-be-filed motion. To the extent the movant expects to exceed the default 20 page maximum in Local Rule 7(e), the movant shall ensure that its pre-conference filing provides good cause for granting a larger page limit.

(5) **ESTIMATED FACTUAL STATEMENT LENGTH:** An estimate of the number of statements of material fact to be filed in accordance with Local Rule 56(b).

(6) **ESTIMATED RECORD:** To the extent that the Statement of Material Fact will be supported by to-be-filed portions of the record, a brief description of what will be filed (e.g., declarations, deposition excerpts, contracts, other documentary evidence, etc.) and an estimate of the total number of pages to be filed.

(7) **TIME:** The earliest date that the movant anticipates being prepared to file the motion. To the extent that the movant anticipates needing more than 30 days from the time of filing this memoranda to file its initial motion papers or more time for completing briefing than is allotted under Local Rule 7, the movant shall provide good cause for extending the briefing deadlines.

(8) **AGREEMENT OF THE PARTIES:** An affirmation that the parties have conferred in accordance with this Order and any agreements reached as a result.

This pre-conference filing shall be made no later than December 22, 2023.

A party that will only seek to oppose summary judgment need not make any pre-conference filing. To the extent any nonmovant wishes to make a responsive pre-conference filing, the nonmovant may do so within seven days of the movant's filing of the required pre-conference memorandum. Any pre-conference memorandum by a nonmovant shall not exceed seven double-spaced pages and shall include:

(1) **ISSUES:** A brief list of any additional legal issues that will be raised in opposing summary judgment, including any particularly relevant case or statutory citations. What, if any, material facts are genuinely in dispute. To the extent the nonmovant anticipates opposing summary judgment pursuant to Federal Rule of Civil Procedure 56(d), the nonmovant shall indicate what essential facts are needed to justify its opposition.

(2) *DAUBERT/KUMHO* **MOTIONS:** If any *Daubert/Kumho* motions are anticipated, a brief explanantion of the issues to be addressed by such motions.

(3) **ESTIMATED MEMORANDUM LENGTH:** An estimated page length for the response. To the extent the party expects to exceed the default 20 page

    maximum in Local Rule 7(e), the party shall ensure that its pre-conference filing provides good cause for granting a larger page limit.

(4) **ESTIMATED FACTUAL STATEMENT LENGTH:** An estimate of the number of additional statements of material facts to be filed in accordance with Local Rule 56(c).

(5) **ESTIMATED RECORD:** To the extent that the Opposing Statement of Material Fact will be supported by additional to-be-filed portions of the record, a brief description of what will be filed (e.g., declarations, deposition excerpts, contracts, other documentary evidence, etc.) and the estimated number of additional pages the nonmovant would file.

(6) **TIME:** To the extent that the nonmovant anticipates needing more time for responding to the motion than is allotted under Local Rule 7(b), the nonmovant shall provide good cause for extending the deadline and propose an alternative deadline for the filing of the response.

(7) **AGREEMENT OF THE PARTIES:** To the extent that a nonmovant believes that the prior preconference filings do not contain an accurate summary of the agreements reached, the nonmovant shall specifically indicate those inaccuracies.

No pre-conference memoranda filed pursuant to this Order shall be deemed binding on the parties. Parties are encouraged to indicate in their respective pre-conference filings their position on whether a conference with the Court is necessary. Parties are hereby notified that upon review of the filings made pursuant to this Order, this Court may determine that no pre-filing conference is necessary and thereafter issue an order setting deadlines and page limits for the proposed summary judgment motion(s). Alternatively, the Court will schedule a Local Rule 56(h) Pre-Filing Conference if it determines that such a conference will lead to a more efficient summary judgment process.

SO ORDERED.

                                                                     /s/Lance E. Walker  
                                                                     United States District Judge

Dated: December 15, 2023