UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| THE PINES CHURCH and MATT GIOIA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:23-cv-00214-LEW ) |
| HERMON SCHOOL DEPARTMENT, | ) ) |
| Defendant. | ) ) |

**ORDER ON *EX PARTE* APPLICATION FOR LEAVE TO FILE LATE RESPONSE STATEMENT TO DEFENDANT'S SEPARATE STATEMENT OF MATERIAL FACTS**

"Lawyers are human beings; they make mistakes and omissions that can amount to neglect of their professional responsibilities."[1]  This case involves one such mistake.  After the parties filed their statement of facts and motions for summary judgment, Plaintiffs' counsel mistakenly did not timely file a response statement to the Defendant's statement of facts.

Before the Court is Plaintiffs' *Ex parte* Application for Leave to File Late Response Statement to Defendant's Separate Statement of Material Facts (ECF No. 35).  Because Plaintiffs' counsel has demonstrated excusable neglect, the application is GRANTED.

---

[1] *Jones v. Maine Cat Catamarans, Inc.*, No. 2:20-CV-161-DBH, 2021 WL 5348666, at *2 (D. Me. Nov. 16, 2021) (Hornby, J.).

## BACKGROUND

In May 2023, The Pines Church and Pastor Matt Gioia sued the Hermon School Department ("HSD"), alleging that HSD denied the Church a lease agreement because of its religious beliefs. In allegedly doing so, Plaintiffs claim that HSD violated the Free Exercise, Free Speech, and Establishment Clauses of the First Amendment. Am. Compl. at 9, 11, 13. Plaintiffs also claim that HSD violated the Maine Human Rights Act. *Id.* at 10.

The parties engaged in discovery, and they filed motions for summary judgment and their statement of facts on January 22, 2024. *See* Mot. for Summ. J., ECF No. 27 (HSD); Statement of Facts, ECF No. 28 (HSD); Mot. for Summ. J., ECF No. 29 (Plaintiffs); Statement of Facts, ECF No. 30 (Plaintiffs). On February 12, the parties filed their responses in opposition. Resp. in Opp'n, ECF No. 32 (HSD); Resp. in Opp'n, ECF No. 33 (Plaintiffs). That same day, HSD filed its Opposing Statement of Material Facts and Additional Facts (ECF No. 31). Plaintiffs did not file a response to HSD's Statement of Facts (ECF No. 28).

The next day, HSD filed its reply brief, arguing that it should prevail on summary judgment given Plaintiffs' "failure to properly controvert any of the material facts proffered by" HSD. Reply, ECF No. 34 at 1. Plaintiffs' counsel immediately filed an *Ex parte* Application for Leave to File Late Response Statement to Defendant's Separate Statement of Material Facts (ECF No. 35). Plaintiffs' counsel provided an exhibit containing an email chain showing that the separate response statement was finalized on February 8. However, the response statement was never filed because of a clerical error, which Plaintiffs' counsel

did not precisely identify. I ordered Plaintiffs' counsel to submit a declaration explaining the specific clerical error. Order, ECF No. 37. In her declaration, Plaintiffs' counsel explained that her office has "an internal policy that requires attorneys to give written or verbal consent before any legal staff can file a document." Plaintiffs' counsel "believed [that she] had given final consent for the separate response statement to be filed when [she] sent the final Word version to [her] legal team for formatting." Plaintiffs' counsel "did not verbally indicate that the PDF version (as opposed to the Word version) of the separate response statement was approved for filing. As a result, the PDF version completed on Thursday, February 8, 2024[,] was not moved to the proper draft filing folder." Thus, Plaintiffs' counsel "while finalizing [her] opposition brief on February 12, 2024, did not realize that the separate response statement had been omitted from the draft filing folder and subsequent filing." The next day, HSD filed its reply brief, and Plaintiffs' counsel realized her blunder.

## DISCUSSION

Plaintiffs now seek leave to file a late response statement to HSD's statement of material facts. Plaintiffs argue that they should be permitted to file a late response because they will otherwise be severely prejudiced[2] because of an inadvertent mistake.[3] Plaintiffs

---

[2] "Failure to comply with [Local Rule 56, which governs summary judgment,] results in potentially serious consequences . . . ." *Learnard v. Inhabitants of Town of Van Buren*, 182 F. Supp. 2d 115, 118 (D. Me. 2002). Under Local Rule 56, "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Local Rule 56(f).

[3] Plaintiffs' application references the "good cause" standard, but that standard governs a motion to extend a deadline before it has passed.

3

explain that they "admit very few of Defendant's statements of material facts and deny/qualify many of Defendant's statement of material facts." *Id.* at 3.  Plaintiffs argue that HSD will not be prejudiced if I permit Plaintiffs to file a late response because HSD would still have enough time to file a reply brief and could seek an extension if needed.

HSD objects to Plaintiffs' request, arguing that Plaintiffs' counsel's clerical error falls short of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Alternatively, HSD requests sanctions to reduce the prejudice to HSD if I permit Plaintiffs to file a late response.

Courts may permit a late filing "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  While interpreting the Federal Rules of Bankruptcy Procedure, the Supreme Court explained that excusable neglect turns on "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  This analysis is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*  The "most critical [factor] is the asserted reason for the mistake." *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005).  I consider each factor in turn.

HSD avers that it will be prejudiced if Plaintiffs file a late response because it will have to file another reply brief.  HSD also asserts that it has been prejudiced simply by having to respond to Plaintiffs' *ex parte* application.  HSD's concerns implicate its costs, and these concerns can be ameliorated through sanctions, which I address below.

If Plaintiffs are permitted to file a late response, the briefing schedule will be delayed insignificantly to permit HSD to file a reply brief. Such a short delay is negligible on the Court.

The parties sharply disagree as to whether the reason for the delay justifies a late filing. Plaintiffs' counsel argues that the response was never submitted because of a miscommunication in the office that resulted in the PDF version not being placed in the draft filing folder. On the day that the response statement was due, Plaintiffs' counsel was finalizing her opposition brief and did not realize that the separate response statement was not in the draft filing folder. HSD observes that four lawyers have entered appearances on behalf of Plaintiffs, yet—somehow—none of these lawyers realized that the opposing statement was not filed until HSD filed its reply brief the next day.

"Something more is required" before a mistake rises to the level of excusable neglect. *Jones*, 2021 WL 5348666, at *2. "[C]onfusion over filing dates and busyness" fall short. *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003). So too does "an attorney's failure to monitor the court's electronic docket." *Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016); *see also Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) ("[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect.").

HSD characterizes this case as involving a "failure to monitor the court's electronic docket" in arguing that Plaintiffs' counsel's oversight was not excusable neglect. *Santos-Santos*, 842 F.3d at 169. To an extent, this case does involve such a failure. However, such cases generally involve a lawyer's failure to monitor a docket over *weeks*. *See id.* at

168–69 (describing that plaintiff's counsel failed to object to the magistrate judge's recommended decision within the fourteen-day deadline and objected only after the district court later adopted the magistrate judge's recommended decision and dismissed the plaintiff's case). Here, by contrast, Plaintiffs' counsel was polishing her opposition brief on February 12 for submission, and she mistakenly failed to submit the completed response statement, having thought that she already approved the PDF version for submission. As soon as Plaintiffs' counsel realized her mistake, she filed an *ex parte* application, trying to rectify the mistake, which evinces her good faith. Bearing in mind that this is an equitable analysis, I conclude that Plaintiffs' counsel acted with excusable neglect. I next consider the propriety of sanctions.

    HSD argues that I should sanction Plaintiffs to reduce any resulting prejudice to HSD.[4] Plaintiffs' counsel maintains that sanctions are inappropriate because "Defendants would not need to expend any time or money responding to Plaintiffs' separate response statement" because "Plaintiffs did not include additional facts in" their response. Declaration, ECF No. 39 at 4. Plaintiffs' counsel also notes that defense counsel originally

---

[4] HSD argues that it has also been prejudiced by Plaintiffs' counsel's failure to comply with Local Rule 56's citation requirements in their response memorandum. Plaintiffs' counsel should have cited facts from the statement of material facts rather than from the joint record. HSD requests that I order Plaintiffs' counsel to resubmit their response memorandum with proper record citations and that Plaintiffs' counsel delete any references to facts not included in a statement of facts. I will not order Plaintiffs' counsel to alter and resubmit the response memorandum. I will evaluate whether Plaintiffs incorporated facts not included in their statement of facts or in the opposing statement of facts when ruling on the motions for summary judgment. HSD also notes that Plaintiffs' submissions have not complied with Local Rule 83.1(c)(1)'s requirement that a member of the bar of this Court sign all papers filed with the Court. Plaintiffs' counsel is admonished to comply with this Local Rule.

intended to not object, though she needed to consult with her client before reaching a decision.

District courts may impose sanctions when a party has "fail[ed] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance" unless it "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Under Rule 16, I order Plaintiffs' counsel to pay HSD's reasonable expenses incurred from Plaintiffs' oversight; this includes HSD's fees incurred in connection with preparing its initial reply memorandum and its response to Plaintiffs' *ex parte* application. Such fee-shifting is appropriate even though Plaintiffs' response statement may not require HSD to admit, deny, or qualify facts because HSD will need to prepare a new reply brief. Furthermore, even though defense counsel was initially inclined to not object to Plaintiffs' counsel's *ex parte* application, defense counsel expressed that she needed to consult HSD, and HSD's objection and request for fees is understandable in these circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiffs' *Ex parte* Application for Leave to File Late Response Statement to Defendant's Separate Statement of Material Facts (ECF No. 35) is **GRANTED**. Plaintiffs' counsel shall file the response statement by Tuesday, February 27. Plaintiffs' counsel is **ORDERED** to pay HSD's reasonable expenses as explained above. HSD's reply memorandum to Plaintiffs' opposition to HSD's motion for summary judgment is due on Friday, March 1.

7

SO ORDERED.

Dated this 23rd day of February, 2024.

                                                 /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE