## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **THE PINES CHURCH**, a Maine non-profit corporation; **Matt Gioia**, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>**HERMON SCHOOL DEPARTMENT;**<br><br>Defendant. | Civil Action No.: 1:23-cv-00214-LEW<br><br>**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE** |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Plaintiffs The Pines Church and Matt Gioia (collectively, "Plaintiffs"), hereby move in limine to exclude certain evidence and testimony that is irrelevant, prejudicial, or otherwise inadmissible under the Federal Rules of Evidence.

This evidence, if admitted, would unfairly prejudice the jury against Plaintiffs, confuse the issues, mislead the jury, and cause undue delay. This motion seeks to ensure a fair and efficient trial focused on the genuine issues in dispute.

### I. Introduction

Plaintiffs The Pines Church and Matt Gioia (collectively "Plaintiffs") hereby move in limine to exclude certain evidence and testimony that is irrelevant, prejudicial, or otherwise inadmissible under the Federal Rules of Evidence.

This evidence, if admitted, would unfairly prejudice the jury against Plaintiffs, confuse the issues, mislead the jury, and cause undue delay.

This motion seeks to ensure a fair and efficient trial focused on the genuine issues in dispute.

## II. Evidence to be Excluded

Plaintiffs anticipate that Defendant Hermon School Department ("HSD") may attempt to introduce evidence or testimony regarding the following:

1. **<u>Plaintiffs' Religious Beliefs and Practices:</u>** Evidence or testimony concerning the specific details of Plaintiffs' religious beliefs and practices, beyond what is necessary to establish their religious status, is irrelevant to the claims in this case. Defendants questioned Plaintiffs' beliefs as to certain moral issues. Plaintiffs refused to respond to those questions.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The central issue is whether HSD discriminated against Plaintiffs based on their religion and/or their perceived religious beliefs. Any questions by Defendants as to Plaintiffs to determine specific religious beliefs would be unduly prejudicial and inflammatory, potentially biasing the jury against Plaintiffs, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any testimony or documentary evidence regarding the specific content of Plaintiffs' sermons, religious teachings, statements of beliefs.

2. **<u>Community Opinions on Plaintiffs' Religious Beliefs:</u>** Evidence or testimony regarding the opinions of community members about Plaintiffs' religious beliefs is not a valid defense, is irrelevant, and highly prejudicial.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This case concerns HSD's actions and the beliefs of HSD committee members about Plaintiffs, not the community's perception of Plaintiffs' religion or beliefs. Introducing such evidence would invite speculation and prejudice, diverting the jury's attention from the core legal issues, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any surveys, polls, or anecdotal evidence regarding community opinions on Plaintiffs' religious beliefs.

3. **Alternative Rental Locations:** Evidence or testimony regarding the availability of alternative rental locations for Plaintiffs is not a defense and is irrelevant to the claims of discrimination.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The issue is whether HSD discriminated against Plaintiffs in its rental practices and policies, not whether Plaintiffs could have found another space. Such evidence would mislead the jury and create a "separate but equal" defense, which is not permissible in this context, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any evidence or testimony regarding the availability and cost of alternative rental spaces in the area.

4. **Financial Information of Plaintiffs:** Evidence or testimony regarding Plaintiffs' financial status, including their ability to pay for alternative rental locations is irrelevant and prejudicial as this fact was not a consideration in Defendant's decision to deny Plaintiffs facility use request.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This case concerns HSD's discriminatory conduct, not Plaintiffs' financial resources. Introducing such evidence would unfairly prejudice the jury and distract from the central issues, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any financial records or testimony related to Plaintiffs' income, assets, or ability to pay for alternative rental locations.

5. **Information about Plaintiffs' Operations in Other Locations:** Evidence, testimony or information about Plaintiffs operating out of any other location (including but not limited to Spotlight

Cinema) without a lease is irrelevant as such information had no bearing on Defendant's decision to deny Plaintiff's request to use its facilities for any length of time.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This case concerns HSD's discriminatory intent in refusing to allow Plaintiffs to utilize its spaces for any extended amount of time, not Plaintiffs' operations in any other location with or without a lease. Introducing evidence of operations elsewhere with or without a lease would unfairly prejudice the jury and distract from the central issue, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any testimony or documentary evidence regarding Plaintiffs' operations out of Spotlight Cinema without a lease.

6. **Information About Pines Church's subsequent property purchase**: Evidence, testimony or information about Plaintiffs subsequent purchase of property for its Church to prove that Plaintiff had other options is irrelevant and prejudicial.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Whether Plaintiffs had alternative options to rent or lease elsewhere is irrelevant and prejudicial. This case concerns HSD's discriminatory conduct, not Plaintiffs' purchases of property or subsequent plans. Introducing such evidence would unfairly prejudice the jury and distract from the central issues, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any testimony or documentary evidence regarding Plaintiffs' property purchase and plans to stay there for the foreseeable future.

7. **Information that The Hermon School Department has never entered into a lease for any of its school facilities**: Evidence, testimony or information that Hermon School Department has

never entered into a lease for any of its school facilities is not a defense and is irrelevant to whether Defendants discriminated against Plaintiffs.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This case concerns HSD's discriminatory conduct against Pines Church. Whether or not HSD entered into any leases with others is not relevant to this central issue because there is no evidence that this alleged fact had any bearing on HSD's decision to rent to Plaintiffs for any period longer than one month. Introducing such evidence would unfairly prejudice the jury and distract from the central issues, and as such must be excluded by Federal Rule of Evidence 403.

Specific Evidence/Testimony to be Excluded: Any testimony or documentary evidence that The Hermon School Department has never entered into a lease for any of its school facilities.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion in Limine and exclude the irrelevant and prejudicial evidence and testimony described above.

Admitting this evidence would unfairly prejudice Plaintiffs, confuse the issues, mislead the jury, and create undue delay. Excluding this evidence will ensure a fair and efficient trial focused on the merits of Plaintiffs' claims.

Respectfully submitted,

ADVOCATES FOR FAITH & FREEDOM

Dated: January 10, 2025

/s/ Julianne Fleischer

Julianne Fleischer, Esq., Bar No. 337006
*(Pro Hac Vice Admission\*\*)*
Bethany Onishenko, Esq., Bar No. 2022079
*(Pro Hac Vice Admission\*\*)*

        Advocates for Faith and Freedom
        bonishenko@faith-freedom.com
        jfleischer@faith-freedom.com
        25026 Las Brisas Road
        Murrieta, California 92562
        Tel: (951) 600-2733

        /s/ Wenonah M. Wirick
        Wenonah M. Wirick, Esq., Bar No. 9634
        Conley & Wirick, P.A.
        31 Union Street
        Bath, Maine 04530
        Tel: (207) 443-3434
        wwirick@conleyandwirick.com