UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE PINES CHURCH and MATT GIOIA, <br><br>   Plaintiffs, <br><br> v. <br><br> HERMON SCHOOL DEPARTMENT, <br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 1:23-cv-00214-LEW |

**DEFENDANT HERMON SCHOOL DEPARTMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' STATEMENT OF AUTHORITY**

Pursuant to this Court's procedural order dated May 1, 2025, Defendant Hermon School Department (the "School Department") submits this memorandum in response to Plaintiffs' Statement of Authority Re Third Party (the "Statement of Authority). ECF Doc. 101.

FACTUAL BACKGROUND

On October 17, 2023 the Hermon School Department served its response to Plaintiffs' First Request for Production of Documents.[1] Plaintiffs' request focused primarily on documents relating to the School Department's practices with regard to use of its facilities but it also included two broader requests for communications: Request No. 12 asked for communications between the School Department and Plaintiff Matt Gioia; and Request No. 11 asked for communications between board members and employees of the School Department regarding Plaintiffs.

---

[1] A copy of the response, which was appended to Plaintiffs' motion to amend scheduling order, may be found at ECF Doc. 79-1.

At the time the School Department was responding to the Plaintiffs' request, it did not have a Technology Director on staff so its then-superintendent Micah Grant performed a search of the School Department's system. Deposition of Micah Grant ("Grant Dep.")[2] at 102:13-104:13. He also requested that School Committee members search their personal devices. Grant Dep. 104:14-23; 125:21-126:1. As Mr. Grant testified, in order to perform the search of the School Department's system, he used a set of search terms that he plugged into Google Vault and then he reviewed and printed documents he believed were relevant and produced them to counsel. Grant Dep. 108:25-110:8. He located 18 documents which were produced to Plaintiffs. Additionally, Mr. Grant testified that he took steps to ensure that documents were preserved, including instructing the interim superintendent to preserve documents relevant to the litigation. Grant Dep. 108:9-24.

Shortly before trial in this case was scheduled to start, Plaintiff discovered that Hermon's production response was not complete. Ironically, the way this was discovered was that Plaintiff Gioia provided to his counsel copies of three emails he had received from School Committee member Hailey Keezer on January 13, 2023. These documents were responsive to a request served on Plaintiffs by the School Department. However, according to Gioia's declaration, ECF Doc. 79-9, he did not realize they were relevant to the case at the time and did not turn them over to counsel until he started preparing for trial.[3]

Recognizing the error in its production response, the School Department agreed to continue the trial, re-run the searches and permit Plaintiffs to take additional depositions. Counsel for Plaintiff and counsel for the School Department then agreed on search terms, and the

---

[2] A copy of the Grant deposition transcript is attached as Exhibit A.
[3] These documents were subject to a request from the School Department. Had they been produced in a timely manner, the School Department's error would have been discovered then.

School Department re-ran the search through the date of the search.  In addition, the request to School Committee members to search personal devices was reiterated, this time by counsel. Primarily due to the longer time period covered by the second search, additional documents were located and produced to Plaintiffs, the bulk of which were dated after the previous response had been served.

Following those efforts, School Committee member Keezer produced a series of documents in response to a request in her deposition notice.  Included in the documents she produced were a handful of text messages with other board members about the church as well as a lengthy text chain with Gioia (another document that he should have – but has not – produced). The additional texts caused Plaintiffs to request a discovery conference with the Court. Thereafter, in compliance with the Local Rules' requirement that the parties confer, counsel for the School Department offered to again reach out to School Committee members to ask them to look for texts and also offered to have them sign declarations that they had done so.   Plaintiff did not accept the offer of declarations, choosing – after the conference with this Court – to subpoena the text messages and depose each of the School Committee members about their efforts to locate messages.  To date, Plaintiffs have taken 3 depositions, all of which focused heavily on efforts of the deponents to locate documents for production and 3 more have been noticed.  The only new text messages that have been produced by School Committee members who have been deposed are messages that were sent after this lawsuit was filed.

## DISCUSSION

I.   <u>Plaintiffs Have Pointed to No Authority to Support Their Request for a Special Master.</u>

Plaintiff's Statement of Authorities was filed pursuant to this Court's Order on Discovery Issues, ECF Doc. 99 which provided in relevant part:

3

> Plaintiffs' request to appoint a special master or third party to search the personal cell phone of potential witnesses is denied. To the extent Plaintiffs contend that persuasive legal authority supports Plaintiffs' request for such a search, Plaintiffs may file a list of any such authority on or before April 22, 2025.

ECF Doc. 99, PageID# 1106. As this Court observed in its Procedural Order, the Statement of Authority does not include a list of authority, *see* ECF Doc. 102, PageID#: 1118, but more importantly, the cases that Plaintiffs do cite in their written argument do not provide any authority[4] – much less persuasive authority to support the search that Plaintiffs request. The reason for that is plain: There is no such authority.

In fact, what authority there is on this subject indicates to the contrary. The Supreme Court's discussion of cell phones and the vast personal information they contain in the criminal context, is applicable to civil cases such as this one. As the Supreme Court observed, "there is an element of pervasiveness that characterizes cell phones but not physical records. Prior to the digital age, people did not typically carry a cache of sensitive personal information with them as they went about their day. Now it is the person who is not carrying a cell phone, with all that it contains, who is the exception." *Riley v. California*, 573 U.S. 373, 395 (2014). It further observed that "it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives— from the mundane to the intimate." *Id.* Thus it is no surprise that "[c]ourts hesitate to authorize direct access to an opposing party's electronic storage device." *Realpage, Inc. v. Enterprise Risk Control, LLC*, 2017 WL 1180420, at *1 (E.D. Tex. Mar. 30, 2017). *See also John Crane Grp. Corp. v. Energy Devices of Texas, Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015), quoting *Sophia v. Chloe, Inc.*, 2013 WL 5212013, at *2 (S.D. Calif. Sept. 13, 2013)("Generally,

---

[4] Indeed, in the only case cited by Plaintiffs that actually addresses a request to order personal cell phones be turned over to a third party, *Lewis v. Archer Daniels Midland Co.,* 2018 WL 659199 at * 2 (E.D. La. Dec. 14, 2018), the court denied the request.

only 'specific, concrete evidence of concealment, destruction of evidence, or failure to preserve documents and information' will warrant drastic electronic measures.... The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns. Issues that may be relevant to the inquiry include whether the party withheld information, whether the responding party is unable or unwilling to search for the requested information and the extent to which the requesting party has complied with discovery requests.") Here, Plaintiffs have not pointed to any evidence that individual School Committee members have done anything other than attempt in good faith to locate communications responsive to Plaintiffs' requests.

II.     Plaintiffs' Efforts To Convince the Court to Reconsider its Prior Ruling
        Should be Rejected.

Instead of complying with the Court's invitation to submit a list of authority, Plaintiffs treated it as an opportunity to re-argue their previous request for an independent review of the School Department's servers and the personal devices of School Department personnel. *See* Statement of Authority, ECF Doc101, PageID#: 1116.  The Court has already made a decision on those issues and it should not revisit that decision now.

Plaintiffs have failed to provide any basis for reconsideration of the Court's prior decisions. *Red Wolf Energy Trading, LLC v. Bia Capital Management, LLC,* 626 F.Supp. 3d 478 (D. Mass. 2022), the case relied on most heavily by Plaintiff in the Statement of Authority, involved a dispute between sophisticated energy trading firms where the defendant firm had been repeatedly ordered by the court to provide certain documents and failed to do so.  This case, by contrast, involves a church run by a pastor and his wife and a School District in northern Maine. There is no reason to suspect either party is guilty of malfeasance.  Rather, neither party is particularly sophisticated and neither party has significant resources to conduct searches of

electronic records, so although both have used their best efforts, there have been some documents missed – on both sides.

## CONCLUSION

At this point, there is every reason to believe that all relevant documents have been produced to Plaintiffs. In addition to requesting documents from the School Department, Plaintiffs have issued subpoenas requiring production of documents in connection with their deposition notices for all of the School Committee members except Mrs. Keezer and witnesses have been questioned exhaustively about their efforts to locate documents in their depositions. In short, Plaintiffs have gotten everything they could get through the additional discovery the Court has granted to them. Plaintiffs' request for a special master should be denied.

Dated: May 7, 2025              /s/ Melissa A. Hewey
                                              Melissa A. Hewey
                                              Jeana M. McCormick
                                              *Attorneys for Defendant*
                                              *Hermon School Department*
                                              Drummond Woodsum
                                              84 Marginal Way, Suite 600
                                              Portland, Maine 04101-2480
                                              Tel: (207) 772-1941
                                              Fax: (207) 772-3672
                                              mhewey@dwmlaw.com
                                              jmccormick@dwmlaw.com