UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| THE PINES CHURCH & MATT GIOIA, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) )  No. 1:23-cv-00214-LEW |
| HERMON SCHOOL DEPARTMENT, | ) ) ) |
| Defendant | ) |

### ORDER ON THE PARTIES' MOTIONS IN LIMINE

Plaintiffs The Pines Church and its Pastor Matt Gioia sue Defendant Hermon School Department ("HSD") for the school's alleged discrimination in refusing to lease its facilities to the church on a 6 or 12 month basis. Both parties filed for summary judgment and both motions were denied. Before the Court now are the parties' motions in limine (ECF Nos. 76 and 78) seeking to exclude certain evidence at trial. For the following reasons, Defendant's motion is DENIED. Plaintiffs' motion is DENIED IN PART and otherwise RESERVED for trial, as outlined below.

### BACKGROUND

About three years ago Gioia contacted HSD to discuss The Pines Church leasing facilities from the school. The Pines Church was holding services at Spotlight Cinema in Orono, but its membership was growing and the Church requested a 12 month lease of HSD's larger facilities. After multiple meetings, a seven-member School Committee voted

to offer the Church a month-to-month lease. They did not move to vote on a 12 month lease, and a motion to vote on a 6 month lease received no second.

Plaintiffs thus sued, bringing a 42 U.S.C. § 1983 action asserting HSD violated their First Amendment free speech and free exercise rights, and the establishment clause. Plaintiffs also bring a state claim alleging HSD violated Maine public accommodation law. Following discovery, both parties moved for summary judgment, and both motions were denied. Following failed settlement talks, the case was set as ready for trial in January of this year. In January, both parties filed their respective motions in limine to exclude certain evidence. On the same day, Plaintiffs filed a motion to continue trial and reopen discovery (ECF No. 79). The continuance was granted and discovery reopened. Discovery has since closed. After another continuance, the trial is now scheduled to be held in October and the Motions in Limine are back on the table.

## DISCUSSION

A.  **HSD's Motion in Limine**

  1.  **Economic Damages**

Defendant's Motion in Limine (ECF No. 76) seeks to exclude certain evidence related to the Church's alleged economic damages from being denied a 12-month lease. Plaintiffs are poised to offer evidence of attendance, offerings, and tithings, either as raw data or testimony from Gioia. Defendants seek exclusion of any and all evidence of attendance, offerings, and tithings on the grounds it "does not allow a fact-finder to calculate economic damages with any reasonable certainty" and is therefore entirely irrelevant to this case. Def.'s Mot. at 4. Plaintiffs respond that evidence of how many

2

people attend Church and how much money is usually donated is directly relevant to the issue of damages.

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action." Fed. R. Ev. 401. Any evidence that moves the needle, even slightly, on an issue of consequence is relevant. If Plaintiffs establish HSD's liability for depriving them of their constitutional rights, they will be entitled to damages for their injuries suffered as a consequence of that deprivation. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975). Evidence of the Church's attendance and income prior to being denied a 12-month lease has enough bearing on the issue of damages to be relevant under Rule 401. Defendant is of course correct to note that Plaintiff's "estimate of damages 'must not be uncertain or speculative but must be grounded on facts in evidence.'" *Barrette Outdoor Living, Inc. v. Integrity Composites, LLC*, 666 F. Supp. 3d 18, 33 (D. Me. 2023) (quoting *King v. King*, 507 A.2d 1057, 1059 (Me. 1986)). But that is a rule on recovery, not a rule of evidence. "Each specific item of evidence offered need not 'be sufficient to prove the case standing by itself' before it is admissible." *United States v. Burnett*, 579 F.3d 129, 132 (1st Cir. 2009) (quoting *United States v. Vigneau*, 187 F.3d 82, 87 (1st Cir. 1999)).

Evidence on attendance, tithings, and offerings is relevant, but relevant evidence may still be excluded under certain circumstances. Under Rule 403 of the rules of evidence, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Ev. 403. Defendants

argue this is the case here, and evidence on the Church's attendance and income may form an impermissible basis for a jury to determine HSD discriminated against the Church.

The rules of evidence protect "against *unfair* prejudice, not against *all* prejudice." *United States v. Whitney*, 524 F.3d 134, 141 (1st Cir. 2008) (original emphasis). Evidence is generally unfairly prejudicial where "it has an undue tendency to prompt a decision by the factfinder on an improper basis." *United States v. Benedetti*, 433 F.3d 111, 118 (1st Cir. 2005). Evidence offered to show the Church's profits does not seem like it will confuse the fact-finder here. It is not uncommon to instruct the jury to keep liability determinations separate from damage valuations without error. *See, e.g.*, *La Plante v. Am. Honda Motor Co.*, 27 F.2d 731, 738 (1st Cir. 1994) ("The liability issues in this case are . . . distinct and separable from the damages issue . . . ."). With proper jury instruction, I do not think evidence of attendance, tithings, and offerings will confuse the jury into concluding HSD infringed on Plaintiffs' First Amendment rights. Such evidence will not be excluded.

Defendants also argue for the exclusion of any testimony Plaintiff Gioia may offer as to the Church's lost profits. Gioia is poised to testify on the Church's projected attendance and profits under a longer term lease from HSD. Gioia has not been disclosed as an expert, and Defendant argues he is unqualified to give lay opinion testimony extrapolating damages from data on the Church's attendance, offerings, and tithes.

As a lay witness, Gioia's opinion testimony must be "(a) rationally based on [his] perception, (b) helpful to clearly understanding [his] testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [expert testimony]." Fed. R. Evid. 701. Under the rule, courts allow "lay

witnesses to express opinions about a business 'based on the witness's own perceptions and "knowledge and participation in the day-to-day affairs of the business."'" *United States v. Munoz-Franco*, 487 F.3d 25, 35-36 (1st Cir. 2007) (quoting *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003) (cleaned up)). This includes testimony on a business's future profits. *See* Fed. R. Evid. 701 (advisory committee notes) ("[M]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert.").

Gioia's testimony as to the Church's projected profits seems largely allowable under Rule 701. As its Pastor, Gioia may testify to (relevant and admissible) facts regarding the Church's profits based on his personal perceptions. Gioia may even testify about "'inferences that he could draw from his perception' of [the Church's] records or 'facts or data perceived' by him" as Pastor. *Nat'l Starch & Chem. Trading Co. v. M/V/ Star Inventana*, No. 05-91, 2006 WL 1876996, at *3 (D. Me. July 5, 2006) (quoting *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403-04 (3d Cir. 1980). Gioia may therefore testify about lost profits, provided, of course, they are limited to his personal knowledge and rationally based on his personal perceptions. Fed. R. Evid. 701.

One caveat. In their Response (ECF No. 85), Plaintiffs highlight Gioia's experience as Director of Relations with Messenger International, a Christian organization, overseeing 20,000 churches nationwide. Plaintiffs note that this experience has given Gioia "specialized insight into the key factors that contribute to a church's physical and financial growth, as well as the impact of each factor." Pls.' Response at 2. This sort of multivariate

calculus crosses the rubicon into expert witness territory. *See United States v. Vega*, 813 F.3d 386, 395 (1st Cir. 2016) (holding witness "opinions not based on the product of applying familiar reasoning processes to their job experience" were not "lay expertise under Rule 701").[1] Consequently, testimony of this kind, if Plaintiffs offer it, will not be allowed at trial.

### 2. Pain and Suffering

Defendant next argues that because entities, like the Church, cannot recover pain and suffering damages in a § 1983 action, any testimony regarding such damages should be excluded. *See Hershell Gill Consulting Eng'r, Inc. v. Miami-Dade Cnty.*, 333 F.Supp. 2d 1305, 1341 (S.D. Fla. 2004). Plaintiffs do not rebut this proposition. Instead they only add that Plaintiff Gioia is an individual, and therefore entitled to pain and suffering damages. *See Memphis Cmty. Sch. Dist. v. Stachura* 477 U.S. 299, 307 (1986). But Defendant has not argued that evidence of Gioia's pain and suffering should be excluded, nor have Plaintiffs indicated they intend to introduce evidence of the Church's pain and suffering. It seems then that the parties are in agreement: evidence of the Church's "pain

---

[1] In Plaintiffs' Response (ECF No. 85), they noted that "[i]f discovery is reopened and new information is uncovered that the Plaintiff believes warrants expert testimony at trial, the Plaintiff requests the opportunity to address this matter at that time." But the deadline for expert disclosures has long passed. The initial Scheduling Order (ECF No. 13) required disclosure by October 12, 2023. Absent amendment of that deadline, it controls. Exactly one year after the expert disclosure deadline, Plaintiffs filed a Motion to Amend the scheduling order (ECF No. 53). That motion was granted and "the pretrial conference and related deadlines [were] continued [to] be rescheduled when the matter [was] scheduled for trial." ECF No. 54. Later, Plaintiffs filed a Motion to Reopen Discovery (ECF No. 79). I granted that motion, but construed it as a request to amend the scheduling order and allowed for the completion of limited, supplemental discovery. *See* ECF No. 86. The original expert disclosure deadline has not changed. To modify the scheduling order, Plaintiffs must show good cause. Fed. R. Civ. P. 16(b)(4). New discovery, related to undisclosed emails in the Defendant's possession, does not create good cause for Plaintiffs' failure to disclose their own expert witness on the issue of damages. Gioia may testify as to the Church's lost profits based on his own rational perceptions. He may not offer more complex expert testimony with reasoning that would be unfamiliar to the jury.

and suffering" may not be admitted as those damages are not recoverable, but evidence of the same damages are admissible with respect to Gioia.

### 3. MHRA Damages

One count of Plaintiffs' Amended Complaint alleges that Defendant violated Maine public accommodation laws under the Maine Human Rights Act ("MHRA"). 5 M.R.S. §§ 4591-92. The MHRA limits recovery of attorneys' fees and civil penal damages. Such fees "may not be awarded to a plaintiff in a civil action . . . unless the plaintiff alleges and establishes that, prior to the filing of the civil action, the plaintiff first filed a complaint with the [Maine Human Rights Commission]." 5 M.R.S. § 4622(1). Plaintiffs have not filed the requisite complaint. Defendant argues that Plaintiffs are now barred from recovering attorneys' fees or civil penal damages and, therefore, any evidence of those damages should be excluded as irrelevant.

Plaintiffs, however, point to an exception within the MHRA. The filing requirement "does not apply to or limit any remedies for civil actions filed under subchapter V if one or more additional causes of action are alleged in the same civil action that do not require exhaustion of administrative remedies." *Id.* Subchapter V of the MHRA pertains to public accommodations and includes 5 M.R.S. § 4591, which Plaintiffs invoke in their Amended Complaint (ECF No. 10). Accordingly, because Plaintiffs also bring a § 1983 action, which does not require administrative exhaustion, Plaintiffs are entitled to attorneys' fees and civil penalties should they prevail on their MHRA claim. Likewise, evidence of those damages is relevant.

B.   **PLAINTIFFS' MOTION IN LIMINE**

On the Plaintiffs' part, they seek to exclude several sets of evidence or testimony on the basis that the evidence is of little probative value and unfairly prejudicial to the Church. The first set of evidence is Plaintiffs' religious beliefs and community opinions on those beliefs. Defendant has stated it has no intention of introducing any such evidence. Plaintiffs' Motion in Limine is therefore moot with respect to those pieces of evidence.

Another group of evidence that Plaintiffs want excluded is any evidence on the availability and cost of alternative rentals, Plaintiffs' financial information and ability to pay for any alternatives, and Plaintiffs' subsequent property purchases for a long-term location. Plaintiffs do not argue that this evidence is irrelevant to the issue of damages. Instead, Plaintiffs urge that such evidence will confuse the issue and cause the jury to determine liability based solely on its decision as to damages. This is essentially the same argument Defendant made in its Motion in Limine. I reject it for the same reason: a jury with proper instruction can be relied upon to separate damages issues from liability issues. I do not foreclose entertaining an objection to such evidence on Rule 401 grounds but reserve any such ruling for trial.

Plaintiffs also argue to exclude any evidence that they operated in other locations without a lease. Plaintiffs argue that this evidence is irrelevant to the issue of discrimination or alternatively unfairly prejudicial because it will confuse the issue of liability. Defendant responds that this evidence is relevant both to liability and damages. Liability because HSD could have offered a month-to-month lease to Plaintiffs thinking it would meet Plaintiffs needs if Plaintiffs had operated without a lease in the past. Damages

8

because Plaintiffs could have mitigated their losses by accepting the month-to-month lease and the evidence shows a shorter term lease (or no lease) was something Plaintiffs may have been willing to do elsewhere.

As far as relevance goes, this evidence may theoretically clear the relatively low bar of Rule 401 if supported by Defendant's knowledge of The Pines Church's operations at the time of the relevant events. I will reserve ruling until such predicate knowledge is made manifest at trial. As to unfair prejudice, the evidence at issue is potentially relevant to a central dispute between the parties: whether HSD's offer of a month-to-month lease was hollow or a sincere conciliatory offer to The Pines Church.

Plaintiffs lastly seek exclusion of any evidence that HSD has never leased its school facilities. Plaintiffs argue HSD's past practices are irrelevant as they are not a defense to their discrimination claim and, in any event, such evidence would be unfairly prejudicial by distracting the jury away from the central issue. The evidence is certainly relevant. As Defendant put it, "it goes to whether Plaintiffs can prove they were similarly situated but nevertheless treated differently." Def.'s Response (ECF No. 84) at 2-3. This is the core of any discrimination claim. I do not find this evidence worthy of exclusion as unfairly prejudicial under Rule 403.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion in Limine is DENIED (ECF No. 76). Plaintiffs' Motion in Limine is DENIED IN PART and otherwise RESERVED for trial (ECF No. 78).

**SO ORDERED.**

Dated this 24th day of September, 2025.

/s/ Lance E. Walker
Lance E. Walker
Chief U.S. District Judge